IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE LINERBOARD ANTITRUST LITIGATION | MDL No. 1261<br>Hon. Jan E. DuBois |
| THIS DOCUMENT RELATES TO: | |
| Mars, Inc. *et al.*, | |
| Plaintiffs | **JURY TRIAL DEMANDED** |
| v. | |
| Stone Container Corporation, *et al.*, | |
| Defendants. | |
| (N.D. Ill. Civil Action No. 03 C 6977) | |

## ANSWER OF INTERNATIONAL PAPER COMPANY

International Paper Company ("International Paper") answers the Complaint of Mars, Inc., *et al.* (collectively, "Plaintiffs") as follows. International Paper reserves the right to amend its Answer as this action proceeds. International Paper denies that it participated in any conspiracy and denies that it has any liability based on Plaintiffs' allegations.

This Complaint was originally filed as *Mars, Inc., et al. v. Stone Container Corp., et al.* in the United States District Court for the Northern District of Illinois, Civil No. 03 C 6977, and was subsequently transferred to this District by order of the Judicial Panel on Multidistrict Litigation, effective December 23, 2003.

## NATURE OF THE CASE

1. International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations contained in this paragraph and, on that basis, denies all of the allegations in their entirety.

2. International Paper admits that Plaintiffs purport to have been members of the two certified classes of purchasers of corrugated materials and that Plaintiffs purport to have requested exclusion from the certified classes. International Paper admits that two putative class actions were consolidated for pre-trial purposes by the Judicial Panel on Multidistrict Litigation in the Eastern District of Pennsylvania in *In re Linerboard Antitrust Litigation*, MDL Docket No. 1261. International Paper admits that the Eastern District of Pennsylvania granted both classes' motions for certification and certified a Box Class and Sheet Class, 203 F.R.D. 197, *aff'd*, 305 F.3d 145 (3rd Cir. 2002), *cert. denied*, 2003 U.S. LEXIS 2960 (April 21, 2003). International Paper denies all of the other allegations in this paragraph in their entirety.

3. International Paper denies all of the allegations in this paragraph in their entirety.

## JURISDICTION AND VENUE

4. International Paper admits that Plaintiffs purport to institute these proceedings under Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15, 26) and allege violations of Section 1 of the Sherman Act (15 U.S.C. § 1). International Paper denies that it violated Section 1 of the Sherman Act, denies that Plaintiffs have stated viable claims, denies that Plaintiffs sustained any injury, and denies that Plaintiffs are entitled to any damages or any relief of any kind. International Paper denies all of the other allegations in this paragraph in their entirety.

5. The allegations contained in this paragraph are conclusions of law, to which no response is required.

6. International Paper admits that it maintains an office or agent, transacts business or is found within the Northern District of Illinois. The allegations in this paragraph regarding jurisdiction and service of process over International Paper are conclusions of law, to which no response is required. International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations concerning any other Defendants and, on that basis, denies all such allegations in this paragraph in their entirety. International Paper denies all of the other allegations in this paragraph in their entirety.

## PLAINTIFFS

7. International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations concerning Plaintiff's corporate structure and operation and, on that basis, denies all such allegations in this paragraph in their entirety. International Paper denies all of the other allegations in this paragraph in their entirety.

8. International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations concerning Plaintiff's corporate structure and operation and, on that basis, denies all such allegations in this paragraph in their entirety. International Paper denies all of the other allegations in this paragraph in their entirety.

9. International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations concerning Plaintiff's corporate structure and operation and, on that basis, denies all such allegations in this paragraph in their entirety. International Paper denies all of the other allegations in this paragraph in their entirety.

10. International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations concerning Plaintiff's corporate structure and

operation and, on that basis, denies all such allegations in this paragraph in their entirety. International Paper denies all of the other allegations in this paragraph in their entirety.

**DEFENDANTS**

11.  International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations contained in this paragraph and, on that basis, denies all of the allegations in their entirety.

12.  International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations contained in this paragraph and, on that basis, denies all of the allegations in their entirety.

13.  International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations contained in this paragraph and, on that basis, denies all of the allegations in their entirety.

14.  International Paper admits that it is a New York corporation, but denies that its principal place of business is Purchase, New York. International Paper admits that it manufactured and sold linerboard, and manufactured and sold corrugated sheets and containers, to purchasers in the United States and elsewhere during the relevant period, as defined in the Complaint. (International Paper denies that Plaintiffs' definition is accurate for any other purpose). International Paper admits that it consummated the merger with Union Camp effective April 30, 1999. International Paper denies all of the other allegations in this paragraph in their entirety.

15.  International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations contained in this paragraph and, on that basis, denies all of the allegations in their entirety.

16. International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations contained in this paragraph and, on that basis, denies all of the allegations in their entirety.

17. International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations contained in this paragraph and, on that basis, denies all of the allegations in their entirety.

18. International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations contained in this paragraph and, on that basis, denies all of the allegations in their entirety.

19. International Paper admits that Union Camp, until its merger with International Paper, was a Virginia corporation with its principal place of business in Wayne, New Jersey. International Paper admits that Union Camp manufactured and sold linerboard, and manufactured and sold corrugated sheets and containers, to purchasers in the United States and elsewhere during the relevant period, as defined in the Complaint. International Paper admits that International Paper consummated the merger with Union Camp effective April 30, 1999. International Paper denies all of the other allegations in this paragraph in their entirety.

20. International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations contained in this paragraph and, on that basis, denies all of the allegations in their entirety.

21. International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations contained in this paragraph and, on that basis, denies all of the allegations in their entirety.

SL1 410390v1/04111.004

22. International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations contained in this paragraph and, on that basis, denies all of the allegations in their entirety.

23. International Paper denies all of the allegations in this paragraph in their entirety.

24. International Paper denies all of the allegations in this paragraph in their entirety.

## TRADE AND COMMERCE

25. International Paper admits that International Paper and Union Camp manufactured linerboard and produced, distributed and sold corrugated material in interstate commerce during the relevant period, as defined in the Complaint. International Paper does not have information or knowledge sufficient to determine the truth or falsity of the allegations that other Defendants manufactured linerboard and produced, distributed and sold corrugated material in a continuous and uninterrupted flow of interstate commerce during all or part of the relevant period, as defined in the Complaint and, on that basis, denies all such allegations in their entirety. International Paper denies all of the other allegations in this paragraph in their entirety.

26. International Paper admits that linerboard is suitable for use in the production of corrugated sheets and that corrugated sheets are used in the manufacturing of corrugated boxes. International Paper denies all of the other allegations in this paragraph in their entirety.

27. International Paper admits that the corrugated container business is a multi-billion dollar business, and admits that International Paper sells corrugated containers internationally. International Paper denies all of the other allegations in this paragraph in their entirety.

28. International Paper admits that "single-wall" corrugated sheets are generally made by gluing corrugating medium between sheets of linerboard, and that corrugated sheets may also

be "double-wall" or "triple-wall." International Paper denies all of the other allegations in this paragraph in their entirety.

29. International Paper admits that corrugated sheets are used in, among other ways, the manufacture of corrugated containers. International Paper denies all of the other allegations in this paragraph in their entirety.

30. International Paper admits that some manufacturers of linerboard, corrugated sheets, and corrugated containers are commonly known as vertically integrated. International Paper denies all of the other allegations in this paragraph in their entirety.

31. International Paper admits that linerboard is one of the ingredients utilized in the manufacture of corrugated sheets. International Paper denies all of the other allegations in this paragraph in their entirety.

32. International Paper denies all of the allegations in this paragraph in their entirety.

33. International Paper denies all of the allegations in this paragraph in their entirety.

## THE ALLEGED CONSPIRACY

34. International Paper denies all of the allegations in this paragraph in their entirety.

35. International Paper denies all of the allegations in this paragraph in their entirety.

36. International Paper denies all of the allegations in this paragraph in their entirety.

37. International Paper denies all of the allegations in this paragraph in their entirety.

38. International Paper denies all of the allegations in this paragraph in their entirety.

39. International Paper denies all of the allegations in this paragraph in their entirety.

40. International Paper denies all of the allegations in this paragraph in their entirety.

41. International Paper denies all of the allegations in this paragraph in their entirety.

42. International Paper denies all of the allegations in this paragraph in their entirety.

43. International Paper denies all of the allegations in this paragraph in their entirety.

SL1 410390v1/04111.004

44. International Paper denies all of the allegations in this paragraph in their entirety.

45. International Paper denies all of the allegations in this paragraph in their entirety.

46. International Paper denies all of the allegations in this paragraph in their entirety.

47. International Paper denies all of the allegations in this paragraph in their entirety.

48. International Paper denies all of the allegations in this paragraph in their entirety.

49. International Paper denies all of the allegations in this paragraph in their entirety.

**ALLEGED EFFECTS OF THE ALLEGED COMBINATION AND CONSPIRACY**

50. International Paper denies all of the allegations in this paragraph in their entirety.

51. International Paper denies all of the allegations in this paragraph in their entirety.

**ALLEGED FRAUDULENT CONCEALMENT**

52. International Paper incorporates by reference its responses to the foregoing allegations of this Complaint as if fully set forth herein. International Paper denies all of the other allegations in this paragraph in their entirety.

53. The allegations in this paragraph regarding the statute of limitations are conclusions of law, to which no response is required. To the extent an answer is required, International Paper denies that the statute of limitations in this action was suspended pursuant to 15 U.S.C. § 16(i) by reason of a proceeding brought by the United States through the Federal Trade Commission against Stone Container and denies that the filing of the class action lawsuits, now coordinated at MDL 1261, tolled the statute of limitations for all class members, including Plaintiffs. International Paper denies all of the other allegations in this paragraph in their entirety.

54. International Paper admits complaints were filed on behalf of a putative class of purchasers of corrugated boxes and on behalf of a putative class of purchasers of corrugated sheets on or about May 14 and 18, 1999. International Paper admits that the classes were

subsequently certified. International Paper admits that Plaintiffs purport to have exercised their right to exclude themselves from the MDL 1261 classes. International Paper denies all of the other allegations in this paragraph in their entirety.

55. International Paper denies all of the allegations in this paragraph in their entirety.

56. International Paper denies all of the allegations in this paragraph in their entirety.

57. International Paper denies all of the allegations in this paragraph in their entirety.

58. International Paper denies all of the allegations in this paragraph in their entirety.

## ALLEGED INJURY TO PLAINTIFFS

59. International Paper denies all of the allegations in this paragraph in their entirety.

## INJUNCTIVE RELIEF

60. International Paper denies all of the allegations in this paragraph in their entirety.

## PRAYER FOR RELIEF

International Paper denies that Plaintiffs are entitled to any relief whatsoever. International Paper denies all of the allegations in the section entitled "Prayer for Relief" in their entirety.

## JURY DEMAND

This paragraph states a legal conclusion, to which no response is required.

## AFFIRMATIVE DEFENSES

International Paper asserts the following affirmative defenses in response to Plaintiffs' Complaint. By raising the following defenses, International Paper does not assume the burden of proof for any claims for which Plaintiffs properly bear the burden. International Paper reserves the right to amend these defenses as this action proceeds.

## FIRST AFFIRMATIVE DEFENSE

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs' claims are barred, in whole or in part, because their Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not have standing to pursue the claims they purport to allege in their Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have not suffered antitrust injury to their business or property within the meaning of 15 U.S.C. § 15.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because International Paper did not enter into any contract, combination, or conspiracy in restraint of trade or commerce.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any conduct International Paper has engaged in has been independent and reasonable, based on legitimate business and economic justifications, and without any purpose or effect of injuring competition.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any conduct International Paper engaged in did not unreasonably restrain trade or commerce.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, because their alleged damages, if any, are speculative, and because determining whether, or to what extent, Plaintiffs were damaged is impossible.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not pled the doctrine of fraudulent concealment with the requisite degree of particularity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief as there is an adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to opt-out of the class action by the deadline set by the Court.

## JURY DEMAND

Defendant International Paper demands a trial by jury for all the issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, International Paper respectfully requests that Plaintiffs' Complaint be dismissed with prejudice; that judgment be entered in its favor on Plaintiffs'

11

Complaint; and that International Paper be awarded its attorneys' fees, costs, expenses, and such other relief that the Court deems just and proper.

Dated: January 14, 2004

Respectfully submitted,

*/s/ Matthew Rappleye*

Steven J. Harper, P.C.
Steven C. Seeger
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)

Daniel B. Huyett
Matthew W. Rappleye
STEVENS & LEE
111 North Sixth Street
P.O. Box 679
Reading, PA 19603-0679
(610) 478-2000 (telephone)
(610) 988-0801 (facsimile)

Attorneys for Defendant
International Paper Company

## CERTIFICATE OF SERVICE

I, Matthew W. Rappleye, an attorney, hereby certify that on January 14, 2004, I caused to be served a true and correct copy of the foregoing ANSWER OF INTERNATIONAL PAPER COMPANY on counsel via Verilaw Technologies, pursuant to the procedures set forth in the Court's Order of 10/23/03.

                                                  Matthew W. Rappleye